J-S22014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RASHEEN STURGIS | : | |
| | : | |
| Appellant | : | No. 196 MDA 2021 |

Appeal from the PCRA Order Entered January 11, 2021
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000563-2017

BEFORE: PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: DECEMBER 22, 2021**

Rasheen Sturgis appeals from the order entered in the Lycoming County Court of Common Pleas on January 11, 2021, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. Because we agree with counsel and the PCRA court that Sturgis's PCRA petition was untimely, we affirm the PCRA court's order denying the PCRA petition.

On January 29, 2019, after a bench trial, Sturgis was found guilty of possession with intent to deliver a controlled substance, possession of a

---

[*] Retired Senior Judge assigned to the Superior Court.

controlled substance, and possession of drug paraphernalia.[1] On April 2, 2019, the trial court sentenced Sturgis to thirty-three months to fifteen years' incarceration. Sturgis did not file any post-sentence motions or a direct appeal.

Over one year later, on July 10, 2020, Sturgis filed a *pro se* PCRA petition alleging trial counsel was ineffective for failing to file a timely suppression motion. Counsel was appointed and filed an amended petition on September 9, 2020. The PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing due to the petition being untimely. On January 11, 2021, the PCRA court dismissed the petition.

On February 5, 2021, PCRA counsel filed a timely notice of appeal. In lieu of a concise statement, counsel later filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4).[2] PCRA counsel then filed an *Anders* brief in this Court, discussing the timeliness of the petition and the

---

[1] The court acquitted Sturgis of a charge of criminal use of a communication facility.

[2] We note that PCRA counsel mistakenly labeled her brief an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). *Anders* applies only when counsel seeks to withdraw from representation on direct appeal. When counsel seeks to withdraw from representation on collateral appeal, as here, *Commonwealth v. Turner*, 544 A.2d 927 (Pa. Super. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), apply. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). Counsel's mistake is not fatal to her application to withdraw, as we have held that "[b]ecause an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter." *Id*. (citation omitted).

ineffectiveness claim. While we found counsel substantially complied with the briefing requirements of *Turner/Finley*, we discovered counsel failed to file a contemporaneous application to withdraw from representation and therefore there was no evidence that she had advised Sturgis of his rights going forward. Accordingly, we directed counsel to either file an advocate's brief or a petition to withdraw that met the requirements pursuant to *Turner/Finley*. Counsel has since filed a proper application to withdraw as counsel and complied with all the requirements of *Turner*, *Finley*, and *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006). Sturgis has not filed a response as of this date. We therefore turn to our own independent review of the record to determine if we agree with counsel's conclusion that Sturgis's PCRA petition was meritless.

If Sturgis's petition was untimely, the PCRA court lacked jurisdiction to grant any relief, and therefore the petition would be meritless. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

- 3 -

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Since Sturgis did not file a post-sentence motion or a direct appeal, his judgment of sentence became final on May 2, 2019, when his time for seeking direct review with this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review"). Therefore, Sturgis originally had until May 4, 2020, to timely file a PCRA petition in this matter.[3] The instant petition – filed more than one year later – appears to be patently untimely.

However, due to the Covid-19 pandemic, the Pennsylvania Supreme Court entered a series of administrative orders during this time extending court filing deadlines. In particular, our Supreme Court filed an emergency order which specified that "legal papers or pleadings … which are required to be filed between March 19, 2020 and May 8, 2020, generally SHALL BE DEEMED to have been filed timely if they are filed by the close of business on May 11, 2020." *In re: General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. 4/28/2020) (*per curiam*). Furthermore, the president judge in each county was given discretion regarding enforcement of deadlines so as to

---

[3] May 2, 2020, fell on a Saturday. Therefore, under 1 Pa.C.S.A. § 1908, Sturgis had until Monday, May 4, 2020, to file a facially timely PCRA petition.

ensure the health and safety of all. **See id.** The president judge in Lycoming County did not extend the filing deadline beyond May 11, 2020.[4]

Because Sturgis's petition was required to be filed by May 4, 2020, during the applicable time frame, the Supreme Court's Order extended Sturgis's filing date to May 11, 2020. Nevertheless, Sturgis did not file his petition until two months later.

Thus, the PCRA court lacked jurisdiction to review Sturgis's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time-bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have

---

[4] The PCRA court identifies June 1, 2020, as the filing deadline under pandemic procedures. While our review of pertinent orders does not reveal an extension of the filing deadline beyond May 11, it is ultimately irrelevant as Sturgis's petition was not filed until a month after June 1.

- 5 -

first been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007).

Sturgis contends he meets the governmental interference exception. Specifically, Sturgis asserts he was prevented from filing his PCRA petition on time due to the libraries being closed at the prison. His assertion is based on a letter he received from the Acting General Counsel of the Department of Corrections that stated the general libraries would be temporarily closed due to the COVID-19 pandemic. Sturgis argues he understood this to mean the law libraries were closed as well, and he therefore was somehow unable to file his PCRA petition.

However, the letter clearly distinguishes the general libraries from the law libraries, which is evident right away from the subject of the letter - "General Libraries *and* Law Libraries". **See** March 22, 2020 Letter (emphasis added). In addition to the above information regarding the general libraries, the letter clearly states that services for the law library will continue as needed. **See id**. In fact, the letter specifically states that criminal matters "like Post Conviction Relief Act (PCRA) matters" will be given priority. **Id**.

Therefore, the letter is not evidence that Sturgis was prevented from accessing the law library to file his PCRA petition. Nor has Sturgis presented any arguments regarding an inability to read the letter, an explanation why

he needed to use the law library to prepare his petition, or if he made any attempt at all to access services to file his petition and if those attempts were denied. His apparent misinterpretation of the letter simply does not constitute governmental interference.

Further, Sturgis's sole substantive claim of trial counsel ineffectiveness cannot support an exception to the time-bar either. ***See Commonwealth v. Mitchell***, 141 A.3d 1277, 1284-85 (Pa. 2016). Even if it could, it is clear from the record that as early as May 2018, when prior counsel filed an untimely motion to suppress, Sturgis believed his rights had been violated during an investigatory detention that led to the charges against him. Additionally, it is also clear from that same time that trial counsel failed to timely file a motion to suppress based on this belief, despite a request from Sturgis to do so. Notwithstanding the fact that he knew about this ineffectiveness claim long before the PCRA time-bar, and before the start of the pandemic, Sturgis failed to timely raise this issue.

As the PCRA court properly concluded Sturgis's PCRA petition was untimely and does not fall under an exception to the PCRA time bar, we affirm the PCRA court's order dismissing the petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2021